**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 12-4588**

───────────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

     v.

SENA LARRANTE EASTERLING,

            Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:09-cr-01041-RBH-2)

───────────────

Submitted:  December 20, 2012        Decided:  December 31, 2012

───────────────

Before GREGORY, DUNCAN, and DAVIS, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Michael A. Meetze, Assistant Federal Public Defender, Florence, South Carolina, for Appellant.  Jean Marie Popowski, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2010, Sena Larrante Easterling pled guilty pursuant to a plea agreement to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C.A. §§ 841(a)(1), 841(b)(1)(C), 846 (West 1999 & Supp. 2012), and was sentenced to three years probation. Easterling appeals the district court's judgment revoking her probation and imposing a four-month sentence. Easterling's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating there are no meritorious grounds for appeal and determining that Easterling's sentence is not plainly unreasonable. Easterling did not file a pro se supplemental brief despite receiving notice of her right to do so, and the Government has declined to file a responsive brief. Finding no error, we affirm.

An appellate court reviews a district court's judgment revoking probation and imposing a term of imprisonment for abuse of discretion. United States v. Levine, 983 F.2d 785, 787 (7th Cir. 1993). To revoke probation, a district court need only be "reasonably satisfied" that a probation violation has occurred. In re Morrissey, 305 F.3d 211, 218 (4th Cir. 2002).

Easterling's probation violations provided a basis for revocation. Easterling tested positive for marijuana use on fifteen occasions; was involved in new criminal conduct; failed to report for drug testing, submit monthly reports and attend

2

substance abuse counseling; and left the district without permission. Moreover, Easterling fully admitted her guilt to all violations alleged. Consequently, we discern no error in the district court's decision to revoke Easterling's probation.

Upon a finding of a probation violation, the district court may revoke probation and resentence a defendant to any sentence within the statutory maximum for the original offense. 18 U.S.C. § 3565(a) (2006); United States v. Schaefer, 120 F.3d 505, 507 (4th Cir. 1997). We apply the same standard of review for probation revocation as for supervised release revocation. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Thus, a probation revocation sentence should be affirmed if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 438-40 (4th Cir. 2006).

To determine whether a sentence is plainly unreasonable, we first consider whether the sentence is unreasonable. Id. at 438. In reviewing for reasonableness, this court "follow[s] generally the procedural and substantive considerations that [are] employ[ed] in [the] review of original sentences, . . . with some necessary modifications to take into account the unique nature of . . . revocation sentences." Id. at 438-39. A sentence imposed upon revocation of probation is procedurally reasonable if the district court considered the

3

Chapter Seven policy statements and the applicable 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2012) factors. Moulden, 478 F.3d at 656.

A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Ultimately, the court has broad discretion to revoke probation and impose a sentence up to that maximum. Moulden, 478 F.3d at 657. Only if a sentence is found procedurally or substantively unreasonable will we "decide whether the sentence is *plainly* unreasonable[.]" Crudup, 461 F.3d at 439. With these principles in mind, we conclude that the four-month sentence is not plainly unreasonable.

We have examined the entire record in accordance with our obligations under Anders and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Easterling, in writing, of the right to petition the Supreme Court of the United States for further review. If Easterling requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Easterling. We dispense

4

with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED